THOMAS, J.
Appellant appeals the State Board of Administration’s (SBA) final order denying his request for reimbursement of losses incurred in his Florida Retirement System (FRS) Investment Plan account. For the reasons explained below, we affirm the SBA’s order.

Factual Background

Appellant participated in the FRS Pension Plan for a number of years, and in July 2007, he exercised his right to switch to the FRS Investment Plan. Approximately one year later, Appellant called the “MyFRS Financial Guidance Line” to discuss his planned retirement on July 1, 2008. Appellant acknowledged that he could not obtain distribution of his funds until three months after retirement. Appellant was advised that, while this was true, he was eligible to take a ten percent distribution after one month. Appellant retired as planned but did not request a distribution until late November 2008, when his investment account had unfortunately lost more than $100,000 in value.
Appellant wrote the SBA demanding reimbursement for his losses because he did not have independent control over his Plan and because the SBA concealed a material fact by failing to notify him that he still had the ability to reallocate his investment funds within the options available in the FRS Investment Plan during the three-month waiting period. This alleged concealment, Appellant argued, made the *1206 SBA liable for his losses pursuant to the Employee Retirement Income Act of 1974 (ERISA).
After a hearing on the matter, the SBA issued its final order finding the SBA did not violate ERISA because it did not conceal a material non-public fact from Appellant.[1] The final order noted that Appellant testified, “Did I have access to move that money around. Sure. I could shuffle it from side to side, up and down.” Furthermore, the SBA also noted that Appellant signed a form acknowledging:
I understand that I can change my fund allocations at any time after my account is activated....
[[Image here]]
If I exercise control over the assets in my FRS Investment Plan account, pursuant to section 404(c) regulations and all applicable laws governing the operation of the FRS Investment Plan, no program fiduciary shall be liable for any loss to my account which results from my exercise of control.
Consequently, the SBA denied Appellant’s reimbursement request.

Analysis

The parties do not dispute that section 121.591(1), Florida Statutes (2008), provides that participants in the FRS Investment Plan may not withdraw their funds until three months after their termination date, although they may qualify for the option to withdraw up to ten percent of their funds one month after termination. Appellant argues the SBA had the duty to inform him that he still had the right to reallocate his investment funds within the Plan during this three-month waiting period, and its failure to do so constituted concealment of that fact. Appellant argues that this was a violation of ERISA and rendered the SBA liable for his investment losses incurred during the waiting period.
Appellant cites no authority to support this argument. As the SBA found in its final order, Appellant based his argument on the unfounded assumptions that the risk of loss shifted to the SBA during the three-month waiting period, and that he no longer had the ability to reallocate his investment funds, thus depriving him of independent control of his investments.
Competent, substantial evidence supports the SBA’s factual finding that it did not conceal from Appellant his ability to continue managing his investment account during the three-month waiting period. Appellant’s own statements at the hearing support this finding. Furthermore, we agree with the following conclusion reached in the SBA’s final order:
If the entire basis of the Investment Plan is that the participant reaps the gains and suffers the losses resulting from his or her own investment decisions, and the State makes that abundantly clear to all individuals prior to joining the Investment Plan, there would be no duty for the State to remind participants that the risk of loss continues to remain on the participant during a particular occurrence such as a waiting period. The only time the State would need to advise a participant regarding risk of loss would be if the risk of loss somehow shifted during that particular occurrence.
*1207 Thus, while we may sympathize with Appellant, there is simply no record evidence to support his contention that the SBA concealed any material fact.

Conclusion

Based on the foregoing, we hold that the SBA did not conceal from Appellant a material non-public fact regarding his investment plan. Accordingly, we AFFIRM the SBA’s final order denying Appellant’s request for his investment losses incurred after his effective retirement date.
WOLF and WEBSTER, JJ., concur.

. Section 121.4501(15)(a)-(c), Florida Statutes (2008), incorporates ERISA, and 29 C.F.R. § 2550.404c-l(a) provides that, if a plan permits a participant to exercise independent control over his account and he does so, the plan fiduciary is not liable for the participant’s losses. 29 C.F.R. § 2550.404c-l(c)(2)(ii) provides that this shield from liability vanishes if the fiduciary conceals a material non-public fact from participants.